HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARL ALONZO BROOKS, <br><br> Plaintiff, <br><br> v. <br><br> INDETERMINATE SENTENCING REVIEW BOARD, <br><br> Defendant. | CASE NO. C11-5247-RBL <br><br> ORDER |

THIS MATTER is before the Court on Plaintiff's Notice and Motion to Recall PLRA of 1995 *In Forma Pauperis* $350 Penalty Costs by Contingent & Extraordinary Military Draft Child Survivor Immunity/Exemption Circumstances. [Dkt. 14.] The Court has considered the motion and remainder of the file. On March 16, 2011, Plaintiff's application to proceed *in forma pauperis* was granted pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. Dkt. 7. The institution having custody of Plaintiff was directed to calculate, collect and forward payments until the entire filing fee was collected. *Id.*

On April 11, 2011, this case was dismissed with prejudice as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). Dkt. 1. The dismissal was counted as a strike under 28 U.S.C. §1915(g). *Id.* Over five years later, on April 19, 2016, Plaintiff filed the

1 | instant motion, seeking an "order of permanent and perpetual injunction" that "DIRECTS the

2 | INSTITUTION to CEASE any further COLLECTIONS and REFUND any and all Money

3 | already wrongly taken." Dkt. 14. He asserts that:

> It Is a USURPATION of LEGISLATION SINCE of PLRA of 1995 is a Summary Penalty by Fed.R.Civ.P. Rule 12(b)'s SUMMARY DISMISSAL for FAILURE TO STATE A CLAIM Upon WHICH RELIEF can be granted, and that was not a Penalty under the 1978 through 1994 IN FORMA PAUPERIS LEGISTLATION AGAINST my MILITATY-Draft VA BENEIFTS CHILD SURVIVOR of my MILITARY DRAFT father's VA PENSION. . . THIS MILITARY-Draft VA BENEFITS to CHILD SURVIVOR Is a [sic] EXTRAORDINARY CONTINGENCIES-CIRCUMSTANCES New DISCOVERY and thus Warrants the RECALL of the $350 SUMMARY JUDGMENT on PLRA of 1995 IN Forma PAUPERIS $350 Penalty FORTHWITH.

Dkt. 14 (emphasis in original).

**DISCUSSION**

"The purpose of the PLRA is to discourage frivolous prisoner lawsuits and thus reduce resulting costs on society by decreasing the burden on the courts." *Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014). To achieve that end, in part, Congress enacted 28 U.S.C. §1915(b)(1) which provides:[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

   Plaintiff's motion (Dkt. 14) is denied. The PLRA makes no provision authorizing the court to return all or some of a prisoner's filing fee after a case has been dismissed. Plaintiff points to no

1  authority in support of his requested relief. Plaintiff's citation to cases and statutes involving
2  whether a military pension has vested or the treatment of veteran's benefits as child support for
3  minor children have no bearing on the issues he raises in this motion.  Furthermore, this case is
4  closed.

5      The Motion is DENIED. The Clerk is directed to docket any further pleadings filed in this
6  case, but other than a notice of appeal, the court will take **NO ACTION** on them.

7      IT IS SO ORDERED.

8      Dated this 9th day of May, 2016.

Ronald B. Leighton
United States District Judge